ON APPELLANT’S MOTION FOR REHEARING
PER CURIAM.
Appellant feels that our opinion unfairly and improperly imposes upon her the “intolerable burden” of proving, at the trial we ordered, that appellee’s subsequent dealings with Anacomp were motivated by a desire to deprive her of her commission. She asserts that she should be required to sustain the burden of proving only a binding contract between appellee and Anacomp. That prima facie case would entitle her to a full commission, she contends, unless appellee sustains its burden of convincing the trier of fact that it acted in good faith, for recognized and acceptable business purposes.
Appellant makes a persuasive argument, but she overlooks her own version of the terms of the employment agreement relied upon in her complaint. She alleged that she was to receive certain percentages of the design fees and gross profits invoiced by appellee on the sales she generated. Webster and standard business usage agree: An invoice is a written account of merchandise sent to a purchaser.
Under an arrangement such as that, establishing merely that appellant generated an order for merchandise would give rise to nothing more than a potential for sales and design commissions. It would furnish a basis only for anticipation that appellant might later become entitled to payment. To state a normal cause of action under the contract she relies upon, appellant would have to allege that Anacomp was in fact “invoiced” by appellee for the original order and design fee. It is our understanding, from the record on appeal in this case, that appellant is unable to make such an allegation.
*228 Therefore, we reasoned that appellant could state a cause of action for entitlement to payment of the full commission only by alleging (and proving) that she would have become entitled to those commissions had not appellee fraudulently arranged a reduction of the order for the primary purpose of eliminating her interest.'
Our opinion does not impose a burden of proof upon appellant — she assumed it herself when she stated the terms and conditions of her employment contract.
Appellant’s Motion for Rehearing is DENIED.
GRIMES, A.C.J., and OTT and RYDER, JJ., concur.